IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-02064

MAUREEN HARRINGTON, as personal representative for the Estate of BLAINE HARRINGTON III,

    Plaintiff,

v.

THISSONGISSICK.COM, LLC,

    Defendant.

## COMPLAINT

Plaintiff Maureen Harrington, as personal representative for the Estate of Blaine Harrington III ("Plaintiff"), sues Defendant Thissongissick.com, LLC ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is an individual who is a citizen of the State of Colorado residing in the State of Colorado.

2. Defendant is a limited liability company organized and existing under the laws of the State of Colorado with its principal place of business located at 6942 Totara Place, Niwot, CO 80503. Defendant's agent for service of process is: Nicholas Raymond Guarino 427 W 8th Ave, Denver, CO 80204.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it maintained

sufficient minimum contacts with Colorado such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in any judicial district to which he would be subject to personal jurisdiction." Allison v. Wise, 621 F. Supp. 2d 1114, 1118 (D. Colo. 2007); see also McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) ("In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'") (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I.   Blaine Harrington III

6. Plaintiff has been appointed as the personal representative of the Estate of her late husband, Blaine Harrington III. The Estate owns and manages the copyrights to Mr. Harrington's photographic works, including those at issue in this lawsuit.

7. Mr. Harrington was a well-known and highly regarded travel/location photographer based in Denver, CO, a five-time SATW Travel Photographer of the Year (in addition to numerous other awards received during his career), and has worked on assignment for most major news, business, and travel magazines.

8. With over 45 years in business (including working in Amsterdam, New York, Paris and Zurich), Mr. Harrington had expert knowledge of Europe, as well as most regions of the world. He maintained files of over 500,000 images from over seventy-five countries and was (until his untimely death in January 2023) continually traveling to add new and updated material to the files.

9. Mr. Harrington's travel/location photography was highly sought after and has been published in numerous magazines/travel calendars, including *Business Week*, *Delta Sky*, *Endless Vacation*, *Forbes*, *Geo*, *Islands*, *National Geographic Adventure*, *National Geographic Traveler*, *Newsweek*, *New York Times magazine*, *Outside*, *Popular Photography*, *Ski*, *Smithsonian*, *Time*, and *Travel + Leisure*. He was also the travel photography columnist (bi-monthly "On the Road") for *Shutterbug Magazine* and has numerous corporate clients that have included his work in their marketing/advertising campaigns.

## II.  The Work at Issue in this Lawsuit

10. In 2014, Mr. Harrington created a professional photograph of 2,000 people simultaneously practicing yoga at Red Rocks Amphitheatre in Morrison (Denver), Colorado titled "20140802_rocyoga_148" (the "Work").  A copy of the Work is exhibited below:



11. The Work was registered by Mr. Harrington with the Register of Copyrights on November 26, 2014 and was assigned Registration No. VAu 1-192-921.  A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

12. Mr. Harrington has been the owner of the Work at all times prior to his death, and the Estate is now the successor in ownership in the Work. As the appointed personal representative for Mr. Harrington's estate, Plaintiff is entitled to institute and maintain this action for copyright infringements. See 17 U.S.C. § 501(b).

### III. Defendant's Unlawful Activities

13. Defendant offers digital advertising services for musicians and record labels to let its users discover their new music.

14. Defendant advertises/markets its business primarily through its website (https://thissongissick.com/) and through social media (e.g., https://www.facebook.com/thissongissick/, https://www.instagram.com/thissongissick/).

15. On July 1, 2020 (after the above-referenced copyright registration of the Work), Defendant published a copy of the Work on its website (at https://thissongissick.com/post/red-rocks-reopens-to-visitors/) in connection with an article titled "Red Rocks Reopens To Visitors, Resumes Yoga & Fitness Events":



16. A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

17. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

18. Defendant utilized the Work for commercial use – namely, in connection with the marketing of its business.

19. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

20. Prior to his death, through his ongoing diligent efforts to identify unauthorized use of his photographs, Mr. Harrington discovered Defendant's unauthorized use/display of the Work in September 2022. Following discovery, Mr. Harrington notified Defendant in writing of such

unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of the Work.

21. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 as set forth above.

23. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

24. Plaintiff has been appointed as the personal representative of Mr. Harrington's Estate which is administering all of Mr. Harrington's assets, including the works at issue in this lawsuit.

25. Mr. Harrington's Estate owns a valid copyright in the Work because Mr. Harrington registered the Work, prior to his death, with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Mr. Harrington's Personal Representative standing to bring this lawsuit and assert the claim(s) herein.

26. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as she has sufficient rights, title, and interest to such copyright (as Plaintiff has been appointed as the personal representative of Mr. Harrington's Estate which is administering all of Mr. Harrington's assets, including the works at issue in this lawsuit).

27. As a result of Mr. Harrington's reproduction, distribution, and public display of the Work prior to his death, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

28. Defendant reproduced, distributed, and publicly displayed the Work without

authorization from Mr. Harrington and/or his Estate.

29.     By its actions, Defendant infringed and violated Mr. Harrington's Estate's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

30.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Mr. Harrington's copyright. The metadata of the Work, as it appears on Defendant's website, shows the creator's rights, telephone number, email, and URL as belonging to Mr. Harrington. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© All Rights Reserved."), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). As an advertising company, Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

31. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

32. Plaintiff is entitled to recover her actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

33. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

34. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover her costs and attorneys' fees as a result of Defendant's conduct.

35. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff her costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys,

successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: August 15, 2023.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza_____
    Daniel DeSouza, Esq.